[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE: MOTIONS TO STRIKE
The plaintiffs, Charles S. Silver and Walter T. McCue, as former trustees of certain real property, filed a complaint against the defendant, Elisabeth W. Birmingham, in her official capacity as town clerk of East Granby, seeking a declaratory judgment that the defendant is required by law to record in the East Granby land records two documents delivered by the plaintiffs for recording styled "Notice of Sale" and "Notice of Termination." These documents noticed that the plaintiffs had sold the property and had dissolved the trust. The complaint alleges that the defendant refused to record these documents and, instead, returned them to the plaintiffs unrecorded.
The defendant has moved to strike the complaint on the grounds that, as required by Practice Book § 17-56(b),[1] the plaintiffs have failed (1) to join such other interested parties or to secure and comply with an order of reasonable notice and (2) to append to the complaint the required certificate stating that all interested persons have been given notice. The defendant argues that the plaintiffs' claims raise the question of what instruments a municipal clerk may or must accept for recordation on the municipal land records and that, therefore, every town and city clerk of the 169 municipalities in the state of Connecticut has an interest in the subject matter that is direct, immediate and probably adverse to the interests of one or more of the parties to this action. The defendant claims that the complaint must be stricken because such town and city clerks have neither been made parties to the action nor received notice thereof.
The plaintiffs oppose the motion and argue that the defendant's motion to strike is procedurally deficient in that, as required by Practice Book § 10-39,[2] the defendant has failed to identify the names and residences of the 169 town and city clerks claimed to be interested parties and, further, has failed to state each clerk's interest in this CT Page 8503 action. In addition, the plaintiffs assert that the complaint contains no factual support for the defendant's claim that any other municipal clerk besides the defendant has a direct, immediate and adverse interest in the plaintiffs' right to record their particular documents in East Granby.
 A
As for the first ground moved upon by the defendant, the court agrees with the plaintiffs' procedural argument that the defendant, as the moving party, has failed to comply with § 10-39 in that she has failed to include the names and residences of the 169 municipal clerks claimed to be interested parties. This procedural defect alone is sufficient to defeat the motion to strike. Broadnax v. New Haven, Superior Court, judicial district of New Haven, Docket No. 412193 (May 16, 2000, Levin, J.) (because of movants' failure to comply with §10-39 by furnishing names and addresses often interested persons, court will not grant motion to strike); Valley Forge Ins. Co. v. Terribile, Superior Court, judicial district of Hartford-New Britain at New Britain, Docket No. 451158 (December 10, 1992, Langenbach, J.) (8 C.S.C.R. 121) (motion to strike denied on ground movant failed to give name and residence of necessary party as required by rules of practice);Pellegrino v. Wirth, Superior Court, judicial district of New Haven, Docket No. 306807 (March 5, 1992, Hadden, J.) (motion to strike denied on ground movant failed to comply with Practice Book § 152 (now §10-39) by setting forth missing party's address and interest in action);Housing Authority v. Papandrea, Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. 700702 (July 27, 1990,Freed, J.) (where movant does not include names and addresses of nonjoined parties with motion, motion is procedurally defective and denied on this ground).
In addition, the court agrees with the plaintiffs' substantive argument that the complaint lacks a factual basis for a conclusion that the declaratory judgment sought by the plaintiffs in this case would have anydirect immediate and adverse consequences for any municipal clerk other than the defendant. The allegations do not establish that the plaintiffs are seeking to have their documents recorded anywhere but in the East Granby land records. Moreover, the determination of this action will turn on the precise nature of the particular documents involved in this case and whether such qualify as recordable instruments. The allegations of the complaint do not establish, however, that these types of documents generally have been submitted to, or are currently pending before, any other municipal clerk for recordation such as other clerks would be interested in the subject matter of this case. This is also not a case where the plaintiffs are challenging the validity of a municipal ordinance or state statute. Finally, the defendant has failed to CT Page 8504 establish in what way the declaratory judgment sought in this case would affect adversely other municipal clerks. The defendant's conclusory statements that the judgment sought is "probably adverse"; (Motion to Strike, p. 1); and "is likely to be adverse to the claims of the Plaintiffs"; (Defendant's Memorandum, p. 2); are unexplained and unsubstantiated by the allegations of the complaint. Thus, for these substantive reasons, in addition to the procedural deficiencies previously discussed, the defendant's motion to strike on the ground that the plaintiffs have failed to join or give notice to interested parties is denied.
 B
The defendant additionally moves to strike the plaintiffs' complaint on the ground that the plaintiffs failed to append to their complaint the required "certificate stating that all such interested persons have been joined as parties to the action or have been given reasonable notice thereof." Practice Book § 17-56(b). While the plaintiffs did not address this specific ground relating to the certificate in their original memorandum in opposition, on May 18, 2001, they filed a request to amend their complaint to which they appended a certificate in compliance with § 17-56(d). Since no objection was filed by the defendant,[3] this ground of the motion to strike is now moot.
 CONCLUSION
Accordingly, the defendant's motions to strike both the original complaint and subsequently the amended complaint are denied.
Peck, J.